Case 1:12-cr-00068-DLC Document 34 Filed 10/08/26 Page 1 of 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Judgment Creditor,

v.

JUDITH FULGENCIO,

Judgment Debtor,

and

THE VANGUARD GROUP, INC., and GLOBAL ATLANTIC FINANCIAL GROUP, and its subsidiary, ACCORDIA LIFE AND ANNUITY COMPANY, as administrator of ATHENE LIFE INSURANCE COMPANY OF NEW YORK,

Garnishees.

12-CR-0068-01 (DLC)

**FINAL ORDER**
**OF GARNISHMENT**

WHEREAS, on April 26, 2013, the Court entered judgment against the Judgment Debtor, JUDITH FULGENCIO, in the amount of $1,129,136.00. *See* Judgment (Dkt. 16). Pursuant to 18 U.S.C. § 3612(f), interest accrues on the unpaid balance at the rate of 0.11%;

WHEREAS, on October 7, 2026, the unpaid balance, including accrued interest, is $1,105,098.13;

WHEREAS, pursuant to the Mandatory Victim Restitution Act ("MVRA"), 18 U.S.C. §§ 3613, 3664(m), and the Federal Debt Collection Procedure Act ("FDCPA"), 28 U.S.C. §§ 3202, 3205, the United States of America ("the Government") sought, obtained, and served Writs of Garnishment on the Garnishees, THE VANGUARD GROUP, INC., and GLOBAL ATLANTIC FINANCIAL GROUP, and its subsidiary, ACCORDIA LIFE AND ANNUITY COMPANY, as administrator of ATHENE LIFE INSURANCE COMPANY OF NEW YORK, for substantial

Case 1:12-cr-00068-DLC Document 33-1 Filed 10/07/26 Page 2 of 4

nonexempt property belonging to or due the Judgment Debtor, JUDITH FULGENCIO. *See* Garnishment Process (Dkts. 27-30);

WHEREAS, on September 1, 2026, in compliance with 28 U.S.C. § 3205(c)(4), THE VANGUARD GROUP, INC. filed an Answer of the Garnishee and served a copy on the Government and the Judgment Debtor stating that it holds one Traditional IRA Brokerage Account No. ending in 9262 belonging to JUDITH FULGENCIO with an approximate value of $35,980, subject to market fluctuation. *See* Answer (Dkt. 31);

WHEREAS, on September 1, 2026, in compliance with 28 U.S.C. § 3205(c)(4), GLOBAL ATLANTIC FINANCIAL GROUP, and its subsidiary, ACCORDIA LIFE AND ANNUITY COMPANY, as administrator of ATHENE LIFE INSURANCE COMPANY OF NEW YORK filed an Answer of the Garnishee and served a copy on the Government and the Judgment Debtor stating that it holds one Whole Life Insurance Policy No. ending in 7887 belonging to JUDITH FULGENCIO with an approximate value of $8,622, subject to market fluctuation. *See* Answer (Dkt. 32);

WHEREAS, in compliance with 28 U.S.C. § 3202(c), the Government served the Judgment Debtor, JUDITH FULGENCIO, with the garnishment process more than 30 days ago. *See* Certificate of Service (Dkt. 30);

WHEREAS the FDCPA requires the Judgment Debtor to file a claim for exemption, objection to the Garnishee's answer, or request for a hearing within 20 days after service under 28 U.S.C. §§ 3202(d) and 3205(c)(5), that time has expired, and neither the Court nor the Government has received any such filing by or on behalf of the Judgment Debtor;

WHEREAS, pursuant to 28 U.S.C. § 3205(c)(7), after Garnishees file answers, if no hearing is requested within the required time period, the Court shall promptly enter an order

directing the Garnishees as to the disposition of the Judgment Debtor's nonexempt interest in the property held by the Garnishees;

WHEREAS it is undisputed that the Government is entitled to garnish the substantial nonexempt property of the Judgment Debtor held by the Garnishees toward partial satisfaction of the judgment. *See United States v. Bess*, 357 U.S. 51, 56-57 (1958) (affirming action to recover total cash surrender value of life insurance policies for unpaid federal tax liability where lien attached to that property before insured's death); *United States v. Shkreli*, 47 F.4th 65, 71 (2d Cir. 2022) (holding that "[t]he MVRA expressly states that criminal restitution orders may be enforced against all property or rights to property, making quite clear that absent an express exemption, all of a defendant's assets are subject to a restitution order."); *United States v. Irving*, 452 F.3d 110, 126 (2d Cir. 2006) (affirming garnishment of retirement funds, holding that "the only property exempt from [18 U.S.C. § 3613] is that which the government could not reach for the payment of federal income taxes");

IT IS THEREFORE ORDERED that the Garnishee, THE VANGUARD GROUP, INC., shall liquidate securities as needed to pay the full liquidated value of the Traditional IRA ending in 9262 belonging to JUDITH FULGENCIO, less any deductions required by law, to the Clerk of Court within 15 days from the date of this Order;

IT IS FURTHER ORDERED that the Garnishee, GLOBAL ATLANTIC FINANCIAL GROUP, and its subsidiary, ACCORDIA LIFE AND ANNUITY COMPANY, as administrator of ATHENE LIFE INSURANCE COMPANY OF NEW YORK, shall liquidate securities as needed to pay the full liquidated value of the Whole Life Policy ending in 7887 belonging to JUDITH FULGENCIO, less any deductions required by law, to the Clerk of Court within 15 days from the date of this Order; and

Each garnishee's payments shall be made payable to "Clerk of Court" with "No. 12 CR 0068" written on the face of each payment and mailed to the United States District Court, 500 Pearl Street, New York, New York 10007, Attn: Cashier.

Dated: New York, New York
October 8, 2026

UNITED STATES DISTRICT JUDGE